**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**DAVID LAMON DOYLE**                                                                              **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 5:25-CV-225-JHM**

**UNITED STATES POSTAL SERVICE**                                                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 civil-rights action.  Plaintiff David Lamon Doyle has filed a motion for leave to proceed *in forma pauperis* (DN 3).  Upon consideration, **IT IS ORDERED** that the motion (DN 3) is **GRANTED**.  Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action pursuant to 28 U.S.C. § 1915(e)(2).  Upon review, the Court will dismiss the action.

**I.**

Plaintiff sues the United States Postal Service.  Where the complaint form asks for the basis of this Court's jurisdiction, Plaintiff does not indicate that jurisdiction is based on either federal question or diversity of citizenship.  Where the form asks for the amount in controversy, Plaintiff responds, "$4,000,000."  Plaintiff states as follows:

> I mailed myself a certified letter and I was not home when it was to be delivered.  I was left a notice that I could it up at post office.  I was not given the allowed time to pick it up and the postal service discarded before the allowed time was up.  It was shredded and thrown away.

Where the form asks for the relief sought, Plaintiff states, "I would like to know why the United States Postal Service discarded my certified mail before the allowed time to pick it up.  I am out the postage of $6.35.  The mail that was discarded cannot be replaced.  It was important documents which were originals."  He requests damages in the amount of $4,000,000.

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine

whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "[T]he Postal Service enjoys [such] federal sovereign immunity[.]" *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006). Any waiver of sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Without a waiver, courts lack the jurisdiction to hear any claim barred by sovereign immunity. *Meyer*, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature. Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.") (alterations and internal quotations alterations omitted).

The Federal Tort Claims Act (FTCA) waives immunity for certain tort claims against the United States and its employees. *See* 28 U.S.C. § 1346(b). However, the Act includes several exceptions, and "[i]f one of the exceptions applies, the bar of sovereign immunity remains." *Dolan*, 546 U.S. at 485. Among the exceptions is "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). The Supreme Court has concluded that this exception "retain[s] immunity . . . for injuries arising, directly or consequently, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489. "Illustrative instances of the exception's operation, then, would be personal or financial harms arising from nondelivery or late delivery of sensitive materials or information." *Id*.

Plaintiff alleges that United States Postal Service failed to deliver a certified letter to him causing him financial harm.  Any claim tort claim based on his allegations is barred by the exception to the FTCA's waiver of sovereign immunity.  *See, e.g.*, *Gupte v. United States Postal Serv. (USPS)*, No. 3:24-cv-0907 (VAB), 2024 U.S. Dist. LEXIS 212888, at *6 (D. Conn. Nov. 22, 2024) (dismissing claim based on failure to deliver three letters, one worth $500,000, finding the claim "fits squarely within the exception to the FTCA's waiver of sovereign immunity and is therefore barred"); *Childs v. United States*, No. 20-13094, 2021 U.S. Dist. LEXIS 1487, at *4 (E.D. Mich. Jan. 6, 2021) (dismissing claim based on lost or misdelivered mail as barred by sovereign immunity); *Irons v. U.S. Postal Serv.*, No. 12-cv-5408 (KAM), 2012 U.S. Dist. LEXIS 135604, at *5 (E.D.N.Y. 2012) ("Accordingly, to the extent that plaintiff alleges the Postal Service was negligent in delivering, handling, or failing to deliver plaintiff's mail, any such claim is precluded by the postal matter exception and must be dismissed on the basis of sovereign immunity.") (internal citations and quotation marks omitted).

Accordingly, the Court will dismiss this action by separate order.

Date:    January 9, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.010